## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DANIEL BOZIN, individually and on behalf of all other similarly situated, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DELOITTE CONSULTING LLP, <br><br> Defendant. | Case No. 1:20-cv-1191 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Deloitte Consulting LLP ("Deloitte") hereby files this Notice of Removal of this action from the Court of Common Pleas of Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, on the basis of the following facts, which show that this case may be properly removed to this Court:

1. Deloitte has received notice of a civil action entitled *Bozin et al. v. Deloitte Consulting LLP*, Case No. CV-20-932778, Court of Common Pleas, Cuyahoga County, Ohio (the "State Court Action").

2. Plaintiffs Daniel Bozin, Timothy Smith, and Alexandria Polichena filed a Class Action Complaint in the State Court Action on May 21, 2020.  Plaintiffs filed a First Amended Class Action Complaint for Damages ("Amended Complaint") on May 28, 2020.  The Amended Complaint includes two additional plaintiffs, Bernadette Nolen and Nicole Hornbeck.

3. The Amended Complaint asserts claims of negligence and invasion of privacy arising from the alleged potential exposure of Pandemic Unemployment Assistance ("PUA") claimants' personal information as a result of Deloitte's administration of states' PUA application processes. *See generally* Am. Compl. ¶¶ 91-108.

4. The Amended Complaint seeks actual damages, punitive damages, attorneys' fees, and costs. *See Id.* Prayer for Relief ¶¶ E-G. The Amended Complaint also seeks injunctive relief "requiring Deloitte to adopt, implement, and maintain adequate security measures to protect Plaintiffs' and Class members' personal and financial information" and "all such further relief as the Court deems just and appropriate." *Id*. Prayer for Relief ¶¶ H-I.

5. Other plaintiffs have filed two additional putative class actions based on the same allegations in the United States District Court for the Southern District of New York. *See* Class Action Complaint, *Culbertson et al. v. Deloitte Consulting LLP*, No. 1:20-cv-03962 (S.D.N.Y. May 21, 2020), ECF No. 1; Class Action Complaint, *Burns et al. v. Deloitte Consulting LLP*, No. 1:20-cv-04077 (S.D.N.Y. May 27, 2020), ECF No. 1.

## I. DELOITTE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

6. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all pleadings in the State Court Action are attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Court of Common Pleas, Cuyahoga County, Ohio.

7. Plaintiffs filed their initial complaint on May 21, 2020 and their Amended Complaint on May 28, 2020. Plaintiffs have not formally served any pleadings on Deloitte to

date. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1) (setting forth thirty-day removal deadline); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that deadline for removal begins to run upon formal service of complaint).

8. Deloitte likewise has not filed a responsive pleading to any complaint in the State Court Action. Deloitte reserves all rights to assert any and all defenses or otherwise respond to the operative complaint. Deloitte further reserves the right to amend or supplement this Notice of Removal.

9. Venue lies in the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1441(a), because Cuyahoga County, Ohio is located within the Northern District of Ohio. Further, Cuyahoga County is located within this Court's Eastern Division. Venue, therefore, is proper in this District and Division because they are the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

10. Concerned by abuses of class actions in some state courts, Congress enacted CAFA in part "to restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 2(b)(2), 119 Stat. 4 (codified as a note to 28 U.S.C. § 1711).

11. Specifically, CAFA permits removal of class actions filed in state court so long as:

    a. any member of the putative plaintiff class is a citizen of a state different than that of any defendant (28 U.S.C. § 1332(d)(2)(a));

    b.    the number of putative class members exceeds 100 (28 U.S.C. § 1332(d)(5)(b)); and

    c.    the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. § 1332(d)(2)).

12. As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class proposed by Plaintiffs; (2) at least one member of each proposed class is a citizen of a different state than Deloitte; and (3) based upon the allegations in the Amended Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

    **A.**    **Plaintiffs' Proposed Class Consists of More Than 100 Members.**

13. Plaintiffs purport to seek damages on behalf of all "[a]ll individuals who applied for Pandemic Unemployment Assistance" whose "personal information and/or financial information" could have been exposed in state portals operated by Deloitte. *See* Am. Compl. ¶ 85. Plaintiffs allege this class is "comprised of hundreds of thousands of members," though the actual number is unknown. *Id*. ¶ 86.

14. In fact, the Amended Complaint alleges that there are approximately 234,500 class members in Ohio, Colorado, and Illinois alone. *Id*.

15. Accordingly, based on the allegations in the Amended Complaint, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. The Requirement for Minimal Diversity is Met.

16. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) (stating that minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant").

17. Plaintiffs are residents of Ohio. Am. Compl. ¶¶ 1-5. Plaintiffs also seek to represent a nationwide class. 28 U.S.C. § 1332(d)(7) (citizenship of putative class members determined "as of date of filing of complaint or amended complaint").

18. For purposes of establishing minimal diversity under CAFA, an unincorporated association like Deloitte "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

19. The Amended Complaint alleges that Deloitte is organized under the laws of Delaware and that its headquarters is in Tennessee. *See* Am. Compl. ¶ 6. Plaintiffs are correct that Deloitte is organized under the laws of Delaware; however, Deloitte's headquarters are located in the State of New York at 30 Rockefeller Plaza, New York, NY 10112. *See* Shoupp Decl. ¶ 5, attached hereto as **<u>Exhibit B</u>**. Regardless, minimal diversity is satisfied.

20. Consequently, because the named plaintiffs are Ohio citizens and purport to represent a nationwide class, minimal diversity exists. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 962 F. Supp. 2d 606, 608 (S.D.N.Y. 2013) (explaining that minimal diversity is satisfied where "at least one member of the putative class is diverse from at least one defendant").

      **C.**      **The Amount in Controversy Requirement is Satisfied.**

21.      To establish CAFA jurisdiction, the amount in controversy must exceed the sum or value of $5 million. 28 U.S.C. § 1332(d)(2).

22.      To determine whether the amount in controversy requirement is satisfied, courts may consider the total amount of alleged actual damages, punitive damages, and the costs of complying with an injunction. *See Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) (court may aggregate actual and punitive damages); *Everett v. Verizon Wireless, Inc.*, 460 U.S. 818, 829 (6th Cir. 2006) (court may consider "costs of complying with an injunction").

23.      Plaintiffs allege that they have been placed at imminent, immediate, and continuing risk of harm from fraud and identity theft. Am. Compl. ¶ 80. Plaintiffs also allege they have suffered actual injuries, including "fraudulent charges, loss of use [] and access to their account funds and costs associated with inability to obtain money from their accounts, and damage to their credit." *Id.* ¶ 81.

24.      Plaintiffs further allege they have suffered "ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects" of the alleged exposure of their information, including finding fraudulent charges, canceling and reissuing cards, purchasing credit monitoring and identity theft prevention, addressing inability to withdraw funds, taking trips to banks and waiting in line to obtain funds, placing "freezes" and "alerts" with credit reporting agencies at a cost up to $5.00 to add and another $5.00 to remove, spending time on the phone to dispute charges, closing or modifying financial accounts, and resetting automatic billing and payment instructions. *Id.* ¶ 81(a)-(j). Plaintiffs further allege they have suffered ascertainable losses in the form of late fees and

declined payment fees, along with the value of their time associated with monitoring accounts "for years to come." *Id.* ¶ 81(k)-(l).

25. Specifically, Plaintiffs Bozin, Smith, and Polichena allege they purchased LifeLock credit and identity monitoring software in response to notification from the ODJFS of potential exposure of their personal information. *See* Am. Compl. ¶¶ 40, 48, 54. LifeLock subscriptions vary in cost from $9.99 to $29.99 per month. *See* LifeLock, https://www.lifelock.com/#planschart (last visited May 28, 2020).

26. Plaintiff Nolen alleges that a "substantial amount of money was transferred from her supposedly locked account to another account" and that "a substantial sum of money was wired by Western Union from her Netspend account." *Id.* ¶¶ 64, 66.

27. Plaintiff Hornbeck alleges that her Netspend bank card was stolen, that her account was deactivated, and that she has been deprived of the use of her checking account and the sums therein. *Id.* ¶¶ 73-78.

28. Plaintiffs allege that these claims are "typical of the claims of members of the Class," *id.* ¶ 88, and that the class consists of "hundreds of thousands" of members, *id.* ¶ 86.

29. Thus, there is a substantial likelihood or reasonable probability that Plaintiffs intend to seek damages in excess of $5 million.

30. Moreover, the costs of compliance with any injunctive relief requiring Deloitte to implement additional, burdensome, and expensive privacy protections further make clear that this action meets the $5 million amount-in-controversy requirement.

31. Accordingly, this putative class action plausibly satisfies CAFA's $5 million amount-in-controversy threshold.

## III. CONCLUSION

32. As demonstrated above, Plaintiffs' Amended Complaint (1) purports to represent a class of more than 100 individuals, (2) presents minimal diversity, and (3) puts in excess of $5 million in controversy. Consequently, the requirements of CAFA jurisdiction are satisfied.

33. Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Deloitte will give written notice of this Notice of Removal to Plaintiffs and will file a copy of this Notice with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio.

THEREFORE, Deloitte respectfully requests that this action be removed from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and CAFA.

Respectfully submitted this 29th day of May, 2020.

>  */s/ Daniel R. Warren*
> Daniel R. Warren (0054595)
> Lisa M. Ghannoum (0080950)
> Dante A. Marinucci (0089402)
> Baker Hostetler LLP
> 127 Public Square, Suite 2000
> Cleveland, OH 44114
> dwarren@bakerlaw.com
> lghannoum@bakerlaw.com
> dmarinucci@bakerlaw.com
> Ph: 216.621.0200
>
> Phyllis B. Sumner (*pro hac vice forthcoming*)
> Elizabeth D. Adler (*pro hac vice forthcoming*)
> King & Spalding LLP
> 1180 Peachtree Street, NE
> Suite 1600
> Atlanta, GA 30309
> psumner@kslaw.com
> eadler@kslaw.com
> Ph: 404.572.4600

8

Alvin Y. Lee (*pro hac vice forthcoming*)
King & Spalding LLP
1185 Avenue of the America's
34th Floor
New York, NY 10036
alvin.lee@kslaw.com
Ph: 212.556.2100

*Counsel for Defendant Deloitte Consulting LLP*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was served via email and U.S. Mail, postage prepaid, this 29th day of May, 2020, on the following:

Marc E. Dann
Brian D. Flick
DannLaw
P.O. Box 6031040
Cleveland, Ohio 44103
notices@dannlaw.com
mdann@dannlaw.com
bflick@dannlaw.com

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 W. Washington Street
Suite 1220
Chicago, Illinois 60602
tom@attorneyzim.com

                                          */s/ Daniel R. Warren*
                                          Daniel R. Warren

                                          *Counsel for Defendant Deloitte Consulting LLP*